## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

**JOHN NAPOLI,**                                   :

               **Petitioner**       :

         **v.**                        :

**SCOTT FINLEY,**                               :

             **Respondent**     :

       **CIVIL ACTION NO. 3:20-0917**

        **(JUDGE MANNION)**

## <u>MEMORANDUM</u>

Petitioner, John Napoli, an inmate confined in the Fort Dix Federal Correctional Institution, Joint Base MDL, New Jersey, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1). Petitioner challenges his 2007 conviction and sentence imposed by the United States District Court for the Eastern District of Pennsylvania. <u>See United States v. Napoli</u>, No. 2:07-cr-0075 (E.D. Pa.) (criminal docket). A response (Doc. 12) and traverse (Doc. 13) having been filed, the petition is ripe for disposition. For the reasons that follow, the Court will deny the petition for writ of habeas corpus.

## I.     <u>BACKGROUND</u>

Napoli's federal sentence arose after he led a crystal methamphetamine racketeering enterprise, known as the Pennsylvania

Chapter of the Breed Motorcycle Gang, from January 2003 through June 2006. (Doc. 12).

On October 4, 2007, Napoli was found guilty of the following counts: conspiracy to distribute over 500 grams of crystal methamphetamine, in violation of 21 U.S.C. §§846, 841(a)(1), and 841(b)(1)(A) (Count one); violent crimes in aid of racketeering (VICAR), in violation of 18 U.S.C. §1959(a)(3) (Counts Two and Four); collection of credit by extortionate means, in violation of 18 U.S.C. §894 (Count Five); possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §922(g)(1) (Count Nine); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Counts Ten and Eleven). (Doc. 12). Napoli was acquitted of another VICAR count (Count Three) and the Government withdrew a machine gun count in violation of 18 U.S.C. §922(o) (Count Twelve). See United States v. Napoli, No. 2:07-cr-0075 (E.D. Pa.) (criminal docket).

The District Court found a total offense level of 46 and reduced his criminal history category to V. (Doc. 12). The Court then imposed a sentence of imprisonment against Napoli of 432 months based on the above charges. See United States v. Heilman, 377 Fed.Appx. 157, 166 (3d Cir. 2010).

- 2 -

On April 21, 2010, the United States Court of Appeals for the Third Circuit rejected all of Napoli's post-conviction appeals, and certiorari was denied by the Supreme Court of the United States on October 12, 2010. See Heilman, 377 Fed.Appx. at 220, *cert. denied*, United States v. Napoli, 131 S.Ct. 490 (2010).

On October 11, 2011, Napoli filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255. See United States v. Napoli, No. 2:07-cr-0075 (E.D. Pa.), (Doc. 348). On September 26, 2012, The Eastern District of Pennsylvania denied Napoli's motion. See United States v. Napoli, 2:07-cr-0075 (E.D. Pa.), (Doc. 393). On May 2, 2013, the Court of Appeals denied a certificate of appealability. Id. at Doc. 407; United States v. Napoli, No. 12-4393 (3d Cir. 2013).

On February 9, 2015, Napoli filed a motion for reduction of sentence under Section 3582(c)(2), Amendment 782 of the Sentencing Guidelines. See United States v. Napoli, No 2:07-cr-0075 (E.D. Pa.), (Doc. 422). On June 29, 2015, the Eastern District of Pennsylvania denied Napoli's motion because Amendment 782 did not apply to Napoli. See United States v. Napoli, No. 2:07-cr-0075 (E.D. Pa.), (Doc. 427).

On June 5, 2017, Napoli filed a motion under Rule 60(b) to reopen his Section 2255 motion. See United States v. Napoli, No. 2:07-cr-0075 (E.D. Pa.), (Doc. 466). On June 6, 2017, The District Court for the Eastern District of Pennsylvania dismissed the motion as a second and successive Section 2255 motion, and as time barred. See United States v. Napoli, No. 2:07-cr-0075 (E.D. Pa.), (Doc. 467). On October 12, 2017, the United States Court of Appeals for the Third Circuit denied Napoli's request for a certificate of appealability. Id. at Doc. 470; United States v. Napoli, No. 17-2382 (3d Cir. 2017).

On June 5, 2020, Napoli filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1).

## II.   DISCUSSION

### a.  Jurisdiction over the Section 2241 Petition

Federal prisoners seeking post-conviction relief from their judgment of a conviction or the sentence imposed are generally required to bring their collateral challenges pursuant to 28 U.S.C. §2255 in the sentencing court, which is "already familiar with the facts of the case." See Boumediene v. Bush, 553 U.S. 723, 774-75 (2008); 28 U.S.C. §2255(e). A federal prisoner

- 4 -

may also challenge the execution of his sentence by filing a petition pursuant to 28 U.S.C. §2241 in the district court for the federal judicial district where he is in custody. See 28 U.S.C. §2241(a); Rumsfeld v. Padilla, 542 U.S. 443-44 (2004); Coady v. Vaughn, 251 F.3d 480 485 (3d Cir. 2001). Section 2255(e) specifically prohibits federal courts from entertaining a federal prisoner's collateral challenge by an application for habeas corpus unless the court finds that a Section 2255 motion is "inadequate or ineffective," allowing the petitioner to pursue the collateral challenge through a Section 2241 motion. See In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997); see also 28 U.S.C. §2255(e).

A motion under Section 2255 is "inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002) ("It is the inefficacy of the remedy, not the personal inability to use it, that is determinative."); see In re Sampson, 954 F.3d 159 (holding that a second or successive Section 2255 motion is not permitted under Rehaif, as it involves a statutory interpretation and did not announce a new rule of constitutional law); Long v. Fairton, 611 F. App'x 53,

- 5 -

55 (3d Cir. 2015) (citing Dorsainvil, 119 F.3d at 251) ("§2255 is not inadequate or ineffective merely because the petitioner cannot satisfy §2255's timeliness or other gatekeeping requirements."); United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000) (indicating that legislative limitations do not render Section 2255 remedy inadequate or ineffective). The Third Circuit:

> Permits access to §2241 [instead of §2255] when two conditions are satisfied: First, a prisoner must assert a "claim of 'actual innocence' on the theory that 'he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision' and [Third Circuit] precedent construing an intervening Supreme Court decision" —in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review. And second, the prisoner must be "otherwise barred from challenging the legality of the conviction under §2255." Stated differently, the prisoner has "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate."

Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017) (quoting Dorsainvil, 119 F.3d at 251). If a petitioner improperly challenges a federal conviction or sentence under Section 2241, the petition must be dismissed for lack of jurisdiction. See Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002).

In Dorsainvil, 119 F.3d at 252, the Third Circuit permitted the petitioner to proceed under Section 2241 after the Supreme Court, in Bailey v. United States, 516 U.S. 137 (1995), interpreted his statute of conviction in a way that rendered the petitioner's conduct non-criminal. This was after the petitioner had previously filed an unsuccessful Section 2255 motion and was precluded from seeking a second Section 2255 motion because "successive §2255 motions based on new law must be based on new rules of constitutional law and Bailey involved statutory construction rather than constitutional law." Boatwright v. Warden Fairton FCI, 742 F. App'x 701, 702-03 (citing Dorsainvil, 119 F.3d at 247-48). The petitioner "also had no prior opportunity to raise his challenge in an initial §2255 motion because Bailey was decided after his §2255 proceeding was complete." Id. at 703 (citing Dorsainvil, 119 F.3d at 246, 251).

In the instant case, Respondent indicates that "Napoli is correct to proceed under Section 2241." (Doc. 12). Here, the Court concludes that Petitioner Napoli's Section 2241 petition is similar to the petition in Dorsainvil. Rehaif interpreted 18 U.S.C. §922(g) in a way that changed the statutory interpretation and was decided after the completion of Napoli's Section 2255 proceeding. (Doc. 12). Also, Napoli is prevented from pursuing an additional

- 7 -

Section 2255 motion. (Doc. 12). Accordingly, the Court will permit Napoli to proceed on his Section 2241 petition and will consider the merits of his claim below.

### b. Petitioner's Rehaif Claim

The Court must consider whether Petitioner's behavior, being a felon in possession of a firearm, is no longer a crime in light of Rehaif v. United States. 139 S.Ct. 2191, 2200 (2019) (holding that criminalizing knowing possession of a firearm pursuant to Sections 922 and 924 requires proof that the defendant both "knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm."). However, Rehaif "did not graft onto §922(g) an ignorance-of-the-law defense by which every defendant could escape conviction if he was unaware of this provision of the United States Code." United States v. Bowens, 938 F.3d 790, 797 (6th Cir. 2019); see Rehaif v. United States, 139 S.Ct. 2191, 2198 (2019) (Considering mistake-of-law to not apply in situations "where a defendant has the requisite mental state in respects to the elements of the crime but claims to be 'unaware of the existence of a statute proscribing his conduct.'"); United States v. Maez, 960 F.3d 949, 955 (7th Cir. 2020) ("Rehaif's discussion of 'the well-known maxim that

- 8 -

'ignorance of the law' (or 'mistake of law') is no excuse' makes doubly clear that the §922(g) requires knowledge only of status, not knowledge of the §922(g) prohibition itself). The Supreme Court did not express any view "about what precisely the Government must prove to establish a defendant's knowledge of status." Bowens, 938 F.3d at 797.

Petitioner alleges that Counts Nine through Eleven fail to state a cognizable offense in violation of Rule 7(c)(1)[1] of the Federal Rules of Civil Procedure. (Doc. 1). Specifically, he alleges that because the Government only charged him with knowingly possessing a firearm, rather than also knowing that he was prohibited from possessing a firearm in light of Rehaif, that Counts Nine through Eleven fail to state a valid federal offense. (Doc. 1). Napoli does not allege "actual innocence" of the Counts. See Bousley v. United States, 523 U.S. 614, 623 (1998) (holding that when petitioners allege actual innocence, they must "demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.").

---

[1] "The indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." F.R.Cr.P. 7(c)(1).

- 9 -

Napoli's claim is without merit. Respondents are correct in asserting that the Government's indictment, which proscribed that the defendant acted "knowingly," is sufficient because it tracks the language of the statute. (Doc. 12); see, e.g., United States v. DeLaurentis, 230 F.3d 659, 661 (3d Cir. 2000) ("The charges set forth in the two dismissed counts substantially track the language of the statute; the indictment is sufficient on its face."); United States v. Addonizio, 451 F.2d 49, 58 n.7 (3d Cir. 2000); United States v. Balde, 943 F.3d 73, 90 (2d Cir. 2019) ("We have required that, in order to sufficiently charge a crime, an indictment must 'do little more than . . . track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime" (citing United States v. Stringer, 730 F.3d 120, 124 (2d Cir. 2013)). Furthermore, the pre-sentence report sufficiently indicates that Napoli is a repeat-felon. (Doc. 12); see United States v. Ward, 957 F.3d 691, 695 ("We thus join several other circuits that have similarly held that, where there is clear evidence in the record from which to infer that the defendant knew he was a felon, failure to instruct the jury does not affect the defendant's substantial rights or the fairness or integrity of the proceedings.").

It is also worth noting, in addition to the above, that Napoli misunderstands Rehaif. He argues that the government must state in the indictment that "the individual know that s/he is prohibited from possessing a firearm." (Doc. 1). However, Rehaif stands for the government only being required to "prove not only that the defendant knew he possessed a firearm, but also that he knew he was a felon when he possessed the firearm." Greer v. United States, 141 S.Ct. 2090, 2095 (2021) (citing Rehaif, 139 S.Ct. at 2199-2200). It is sufficiently clear from the record that Napoli knew he was former convicted felon at the time he possessed the firearm as he had previously been convicted of felony offenses. (Doc. 12).

### c. Concurrent Sentences Doctrine

Even with a favorable ruling on the merits of Napoli's claim, his petition is barred by the concurrent sentences doctrine. The concurrent sentences doctrine indicates that "if a defendant has concurrent sentences on multiple counts of conviction and one count is found to be invalid, an appellate court need not consider the validity of the other counts unless the defendant would suffer adverse collateral consequences from the unreviewed conviction." In re Williams, 826 F.3d 1351, 1356 (11th Cir. 2016) (quotations and citations omitted); see also Ray v. United States, 481 U.S. 736, 737 (1987); United

- 11 -

States v. Ross, 801 F.3d 374, 381 (3d Cir. 2015); Ryan v. United States, 688 F.3d 845, 849 (7th Cir. 2012); Duka v. United States, 27 F.4th 189, 194 (3d Cir. 2022). The doctrine still applies in cases where the petitioner is challenging multiple counts of their initial sentence. See Logan v. District Attorney Allegheny County, 752 F. App'x 119, 121-22 (3d Cir. 2018).

> Pursuant to [the concurrent sentence] doctrine, a federal court may decline to review an alleged error where concurrent sentences were imposed on separate counts, where the alleged error is associate with only one count, and where the remaining sentences are unassailable. See United States v. McKie, 112 F.3d 626, 628 n.4 (3d Cir. 1997). Because "the defendant remains sentence in any event, reviewing the concurrently sentenced counts is of no utility. The practice is eminently practical and conserves judicial resources for more pressing needs." Jones v. Zimmerman, 805 F.2d 1125, 1128 (3d Cir. 1986) (citations omitted).

Nosov v. Warden Schuykill FCI, 634 F. App'x 379, 380 (3d Cir. 2016) (denying a habeas petition because the proceeding could not reduce the time the petitioner was required to serve).

In the instant case, Napoli is serving a concurrent sentence (Doc. 12) and the concurrent sentence doctrine applies. Petitioner Napoli correctly identifies that his "term of imprisonment [of 432 months] would not be directly altered by the removal of the §922(g) convictions." (Doc. 13).

- 12 -

However, Napoli further asserts that the concurrent sentence doctrine should not prevent his petition because he had to pay a $300 special assessment to challenge counts 9-11 of his conviction. (Doc. 13). He argues that the special assessment constitutes an "adverse collateral consequence," making the doctrine obsolete. (Doc. 13). Napoli does not cite any Third Circuit cases to support his contention that a special assessment constitutes an adverse collateral consequence. See (Doc. 13).

While Napoli is correct in asserting that the existence of adverse collateral consequences is sufficient to preclude the use of the concurrent sentence doctrine, the adverse consequences must rise to the level of "custody" to preclude the doctrine. See Logan, 752 F. App'x at 122 ("Under the federal habeas statute, the collateral consequence of a conviction for which a concurrent sentence is received must rise to the level of 'custody' to be redressable."). "Custody" here is "designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." Hensley v. Municipal Court, 411 U.S. 345, 351 (1973). Therefore, the collateral consequences that attach to the conviction at issue must pose a severe and immediate restraint on the petitioner that is not shared by the public generally. See Logan, 752 F. App'x at 123 n. 5; Duka, 27 F.4th at 195

- 13 -

(holding that a sufficient adverse collateral consequence must increase the amount of time the petitioner is serving in order to preclude the concurrent sentence doctrine); United States v. Ross, 801 F.3d 374, 382 (3d Cir. 2015) ("Because we believe that the burden of a special assessment —even one imposed in conjunction with a wrongful conviction —does not amount to 'custody', [the petitioner] is not 'claiming the right to be released' from 'custody' and his special assessment cannot serve as the basis for a [habeas] claim").

Applying the doctrine here, even if Napoli warranted a favorable decision invalidating his possession of firearms convictions, he would still be subject to the same 432-month sentence. Standing alone, like the petitioner in Ross, the special assessment fee does not constitute an "adverse collateral consequence" sufficient to preclude the use of the concurrent sentence doctrine. Therefore, his petition for writ of habeas corpus (Doc. 1) will be denied.

- 14 -

III.    **CONCLUSION**

For the reasons stated above, the petition for a writ of habeas corpus will

be **DENIED**. A separate Order will be issued.


*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED: July 8, 2022**
20-0917-01

- 15 -